UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIN MITCHELL, DANIELLE DIGIROLAMO,
JOSH SMITH, DONALD MONTANO,
ALEXANDER SUAREZ, TY HAILEY,
RAY NEAL, JOSHUA HELTKE,
    Plaintiffs,

cv 12-370

v.

CITY OF NEW HAVEN, JOHN DESTEFANO,
DEAN ESSERMAN, PROPRIETORS OF
THE NEW HAVEN GREEN,
    Defendants

MARCH 13, 2012

## MEMORANDUM IN SUPPORT OF TEMPORARY INJUNCTION/ RESTRAINING ORDER

In Ward v. Thomas, 895 F. Supp. 401 (D.Conn. 1995), this court delineated the standards governing the issuance of temporary injunctive relief:

> The court may grant a motion for temporary restraining order if the moving party demonstrates a risk of irreparable harm and either a) a likelihood of success on the merits or b) the existence of sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships decidedly favoring the party requesting the relief. Jackson Dairy, Inc. v. H.P. Hood & Sons, 596 F.2d 70, 72 (2d Cir. 1979) (per curiam).

As to the requirement of irreparable harm, the movant must show that the harm is "actual and imminent" not "remote or speculative." State of New York v. Nuclear Regulatory Commission, 550 F.2d 745, 755 (2d Cir. 1977). The plaintiff must show that the harm in question cannot be remedied by an award of monetary damages. Velez v. McGuire, supra.[1] "The Second Circuit has held that the alleged violation of a

---

[1] "Where '(1) the injunction sought will alter, rather than maintain, the status quo...or (2) the injunction sought will provide the movant with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits,' the moving party must demonstrate both irreparable harm and a clear or substantial likelihood of success on the merits."

1

constitutional right triggers a finding of irreparable injury. Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996). Because violations of constitutional rights are presumed irreparable, Elrod v. Burns, 427 U.S. 347, 373 (1976), 'the very nature of [the] allegations' satisfies the requirement that [the plaintiff] show irreparable injury." State of Connecticut Dept. of Environmental Protection . Occupational Safety and Health Administration, 138 F. Sup. 2d 285, 291 (D. Conn. 2001) (Goettel, J.), quoting Bery v. City of New York, 97 F.3d 689, 694 (2d Cir. 1996), cert. denied, 520 U.S. 1251 (1997). Cf. Kamerling v. Massanari, 295 F.3d 206, 214-15 (2d Cir. 2002).

"[T]he granting of a preliminary injunction is not a decision on the merits of the plaintiff's suit. It is merely a decision that the suit has enough merit -- which need not be great merit -- to justify an order that will freeze the situation, in the plaintiff's favor, for such time as it may take to determine whether the suit is, or is not, meritorious.

"Specifically, the court asked to grant such relief discounts (that is, multiplies) the harm to the plaintiff if it is withheld by the probability that in the end the plaintiff will prevail in the suit, and compares that discounted harm to the discounted harm to the defendant from granting the relief to the plaintiff....If the plaintiff has a very high probability of prevailing, the discount factor will be small, and if he can then show that he will be seriously and irreparably harmed unless he obtains preliminary relief, the injunction will probably be granted. But even a plaintiff who does not have a very high probability of ultimately prevailing will be entitled to preliminary relief if he faces very

---

Koppell v. New York State Board of Elections, 153 F.3d 95, 95-96 (2d Cir. 1998), quoting Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996) and Tom Doherty Assocs. v. Saban Entertainment, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995).

2

great irreparable harm and the defendant very little (unless third parties would be hurt)." Ayres v. City of Chicago, 125 F.3d 1010, 1013 (7th Cir. 1997) (Posner, C.J.).

A mandatory injunction, as distinct from a prohibitive injunction, is a court order which "will alter, rather than maintain, the status quo...by commanding some positive act." Tom Doherty Assoc., Inc. v. Saban Entertainment, Inc., 60 F.3d 27, 33-34 (2nd Cir. 1995). When a plaintiff seeks a mandatory injunction, he must make "a clear showing that [he] is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Abdul Wali v. Doughlin, 754 F.2d 1015, 1025 (2nd Cir. 1985). Cited with approval in Nicholson v. Scoppetta, 344 F.3d 154, 165 (2nd Cir. 2003).

In this case, a temporary injunction is necessary to prevent the immediate and foreseeable harm incident to the prospective eviction of the plaintiffs from the public space they have occupied for the past five months. The defendants gave the plaintiffs little time to seek legal relief, effectively threatening to evict them on short notice. They pray that this court will issue an order freezing the status quo until such time as they can be heard on the merits of their claims.

THE PLAINTIFFS

By _____
NORMAN A PATTIS 13120
KEVIN SMITH
129 Church St.
New Haven, CT 06524
203.393.3017
203.393.9745 (fax)

3